UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

vs

**TANISHA MELVIN**

Case Number. 8:16-cr-34-T-17JSS
USM Number: 31852-058

Yvette Clair Gray, FPD

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count One of the Information. Accordingly, the court has adjudicated that the defendant is guilty of the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Commit Wire Fraud and Mail Fraud | March 2012 | One |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:

June 30, 2017

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

June 30, 2017

Tanisha Melvin
8:16-cr-34-T-17JSS

## IMPRISONMENT

    The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **NINE (9) MONTHS** as to Count One of the Information or coterminous with the term of imprisonment imposed in Docket Number 3:15-cr-283, in the Western District of North Carolina, whichever is lower sentence. Defendant shall receive credit for time served as calculated by the United States Bureau of Prisons.

    The terms of imprisonment imposed by this judgment shall run concurrently with the defendant's term of imprisonment imposed pursuant to the judgment in Docket Number 3:15-cr-283, in the Western District of North Carolina.

The Court makes the following recommendations to the Bureau of Prisons:

1. 1st choice of incarceration – Hazelton, WV
2. Immediate return to vocational culinary program at Hazelton, WV.

    The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

                                                              UNITED STATES MARSHAL

                                           By: _____
                                                                 Deputy U.S. Marshal

AO 245B (Rev. 11/16) Judgment in a Criminal Case

Tanisha Melvin
8:16-cr-34-T-17JSS

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THREE (3) YEARS** as to Count One of the Information.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.
4. You must cooperate in the collection of DNA as directed by the probation officer.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

The defendant shall also comply with the additional conditions on the attached page.

Tanisha Melvin
8:16-cr-34-T-17JSS

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within **72 hours**.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature:_____     Date:_____

AO 245B (Rev. 11/16) Judgment in a Criminal Case

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. The defendant shall participate in a mental health treatment program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Mental Health Treatment Services.

2. The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or obligating herself for any major purchases without approval of the probation officer.

3. The defendant shall provide the probation officer assess to any requested financial information.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100.00 | Waived | $57,797,575.90 |

The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | Restitution Ordered |
|---|---|
| Victim list attached to judgment | $57,797,575.90 |

## SCHEDULE OF PAYMENTS

Special assessment shall be paid in full and is due immediately.

## RESTITUTION

Defendant shall pay restitution in the amount of $57,797,575.90 to the victims listed to this judgment. This restitution obligation shall be payable to the Clerk, U.S. District Court, for distribution to the victims. Restitution shall be paid jointly and severally with Amber Mathias in Docket No. 8:16-cr-35-T-35MAP, Marcia Caulder in Docket Number 8:16-cr-36-T-33TGW, and Gary Todd Smith in Docket No.: 8:16-cr-120-T-17TGW. While in the Bureau of Prisons custody, defendant shall either (1) pay at least $25 quarterly if you have a non-Unicor job or (2) pay at least 50% of her monthly earnings if defendant has a Unicor job. Upon release from custody, defendant shall pay restitution at the rate of at least **$100 per month**. At any time during the course of post-release supervision, the victim, the government or the defendant may notify the Court of a material change in the defendant's ability to pay, and the Court may adjust the payment schedule accordingly. The Court finds that the defendant does not have the ability to pay interest and the Court waives the interest requirement for the restitution.

## FORFEITURE

Defendant shall forfeit to the United States those assets previously identified in the Forfeiture Money Judgment, that is subject to forfeiture. [SEE FORFEITURE MONEY JUDGMENT ATTACHED.]

| Last Name | First Name | Restitution Amount |
|---|---|---|
| Abbruzzese | Michael | $415,000.00 |
| Adams | Tim | $18,380.00 |
| Ametrano | Joe | $57,681.14 |
| Asante-Korang | Alfred | $100,000.00 |
| Bader | Linda | $103,925.17 |
| Baggett | Kelvin | $159,000.00 |
| Beck | Steve | $103,480.06 |
| Berger | Craig | $10,000.00 |
| Biancamano | Diane | $168,617.73 |
| Biancamano | Caroline | $200,000.00 |
| Bobb | Eric and Elizabeth | $92,500.00 |
| Carlton | Susan J | $42,497.00 |
| Carroll | Stephen and Mary | $540,000.00 |
| Chapman | Jim (c/o attorney Noel McDonell) | $3,364,634.06 |
| Chapman (trusts) | Jim (c/o attorney Noel McDonell) | $75,000.00 |
| Chapman (1616) | Jim (c/o attorney Noel McDonell) | $48,369.91 |
| Cobbs | James(Chris) | $50,000.00 |
| Collins | Karen A | $32,000.00 |
| Diana | David L | $100,000.00 |
| Duffy | John and Sharon | $780,000.00 |
| Dunn | George (*deceased, see Joe Jenkins) | $20,000.00 |
| Dupee | Richard and Gretchen | $470,000.00 |
| Dy | Daniel D and Robin A | $0.00 |
| Fioretti | Joe | $45,330.00 |
| Gallatin | Michael and Marie | $512,500.00 |
| Graham | Christian | $8,450.00 |
| Gubbay | David | $200,000.00 |
| Hammons | Robert | $100,000.00 |
| Henley | John | $312,581.00 |
| Horlacher | Christopher | $80,000.00 |
| Hugill | Teresa A | $150,000.00 |
| Jacobson | David | $29,250.00 |
| Jenkins | Camp | $4,850.00 |
| Jenkins | Joe | $161,175.00 |
| Kaplan | Marvin | $24,228,535.00 |
| Keith | Tom J | $22,500.00 |
| Klomp | Catherine | $215,000.00 |
| Ledingham | Grant | $100,000.00 |
| Lennon | Benjamin | $12,600.00 |
| Lennon | John | $253,080.00 |
| Lisciotti | Gregg | $200,000.00 |
| Liscotti | Henry | $70,000.00 |
| Liscotti | Loretta | $65,000.00 |
| Mahle | Michael | $873,110.00 |
| Matthews | Brett | $125,000.00 |
| Matthews | Ron | $490,700.00 |
| Matthews(Taco Properties) | Ron | $118,000.00 |
| Mirescu | Alexander | |
| Morro | John T | $0.00 |
| Morro | Anthony and Jane | $575,000.00 |
| Morro | Gina | $209,000.00 |
| Mlynski | Jenn | $393,000.00 |
| Nettles | Lloyd L | $190,000.00 |
| Nix | Paul | $200,000.00 |
| O'Connor | Helen | $900,000.00 |
| Padgett | James C | $120,000.00 |
| Pantelakos | Steve | $255,000.00 |
| Paolini | Daniel J | $50,000.00 |
| Regions Bank | c/o Robert Shaw | $6,343,000.00 |
| Rose | Charles A. Jr. | $9,150.00 |
| Rose | Charles and Jane | $182,475.00 |
| Southland Solutions | Charles Rose | $58,000.00 |

| | | | |
|---|---|---|---|
| Rosenberg | David | $1,950,000.00 | |
| Rosenblum | Harry (Trust) | $200,000.00 | |
| Rynard | Bob and Dorothy | $645,000.00 | |
| Sabattini | Robin | $15,985.00 | |
| Sadat | Jina Muzgan | $50,000.00 | |
| Schulz | Matthew | $456,580.00 | |
| Schulz | Michael and Susannah | $18,886.00 | |
| Schulz | Walter | $6,603,000.00 | |
| Scribner | John | $80,000.00 | |
| Smith | Margaret | $100,000.00 | |
| Snow | Richard A | $66,250.00 | |
| Starr | Charles L III | $1,266,616.26 | |
| Sweetser | Chandler, Susan Jewett, Jared, Chandler III | $203,645.00 | |
| Tamm | Brenda | $6,100.00 | |
| Valillio | James | $31,425.00 | |
| Valillio | Joe | $15,000.00 | |
| Uba | Daniel | $300,000.00 | |
| Walcott | William S | $150,000.00 | |
| Weiler | Marlin Sidney | $63,120.05 | |
| Weiler | Ruth A | $45,312.23 | |
| Wellons | Billy | $465,000.00 | |
| Woodcock | Michael | $252,285.29 | |
| | | $57,797,575.90 | Totals |

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:16-cr-34-T-17JSS

TANISHA MELVIN

**<u>FORFEITURE MONEY JUDGMENT</u>**

The defendant pleaded guilty to Count One of the Information which charges her with conspiracy to commit wire and mail fraud, in violation of 18 U.S.C. § 371, and the United States has established that the defendant obtained $ 70,000.00 in proceeds as a result of that offense.

The United States moves under 18 U.S.C. § 982(a)(2)(A) and Rule 32.2(b)(2), Federal Rules of Criminal Procedure, for entry of a forfeiture money judgment against the defendant. The motion for entry of a forfeiture money judgment is GRANTED. The defendant is liable for a forfeiture money judgment in the amount of $ 70,000.00, which represents the amount of proceeds she obtained as a result of the conspiracy to commit wire and mail fraud.

The United States may seek, as a substitute asset in satisfaction of this judgment, forfeiture of any of the defendant's property up to the value of the money judgment. Jurisdiction is retained to enter any order necessary for the

forfeiture and disposition of any substitute asset and to address any third-party claim.

DONE and ORDERED in Tampa, Florida, this 30th day of June, 2017.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All Parties/Counsel of Record